**United States District Court**
For the Northern District of California

1

2                           IN THE UNITED STATES DISTRICT COURT

3                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

4    DEMETRIUS A. WRIGHT,                     No. C 10-00064 CW (PR)

5              Plaintiff,                     ORDER OF SERVICE

6         v.

7    R. CARRASCO, et al.,

8              Defendants.
     _____/
9

10                               INTRODUCTION

11        Plaintiff, a state prisoner, has filed a pro se civil rights

12   action pursuant to 42 U.S.C. § 1983 alleging that Defendants used

13   excessive force against him and were deliberately indifferent to

14   his serious medical needs.  Plaintiff also raises state law claims.

15        His motion for leave to proceed in forma pauperis has been

16   granted.

17        Venue is proper because the events giving rise to the claim

18   are alleged to have occurred at Salinas Valley State Prison (SVSP),

19   which is located in this judicial district.  See 28 U.S.C.

20   § 1391(b).

21        In his complaint, Plaintiff names the following Defendants:

22   SVSP Correctional Officers R. Carrasco and D. Ferry as well as SVSP

23   Licensed Vocational Nurses L. West and Hernandez.  Plaintiff seeks

24   monetary damages.

25                               DISCUSSION

26   I.   Standard of Review

27        A federal court must conduct a preliminary screening in any

28   case in which a prisoner seeks redress from a governmental entity

**United States District Court**
For the Northern District of California

1  or officer or employee of a governmental entity.  28 U.S.C.

2  § 1915A(a).  In its review, the court must identify any cognizable

3  claims and dismiss any claims that are frivolous, malicious, fail

4  to state a claim upon which relief may be granted or seek monetary

5  relief from a defendant who is immune from such relief.  Id.

6  § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

7  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

8  1988).

9      To state a claim under 42 U.S.C. § 1983, a plaintiff must

10 allege two essential elements: (1) that a right secured by the

11 Constitution or laws of the United States was violated, and

12 (2) that the alleged violation was committed by a person acting

13 under the color of state law.  West v. Atkins, 487 U.S. 42, 48

14 (1988).

15 II.  Factual Background

16     The Court briefly summarizes the factual allegations which are

17 set forth in greater detail in Plaintiff's complaint.  The

18 allegations are taken as true and construed in the light most

19 favorable to Plaintiff for purposes of the Court's initial review

20 of the complaint.  See Parks School of Business, Inc., v.

21 Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

22     Plaintiff has an "extensive history of severe abdominal

23 problems."  (Compl. ¶ 23.)  In August, 2008, he "requested an

24 escort to medical, on A-Facility of [SVSP], to receive medication

25 for pain and nausea," which was "prescribed by a physician to be

26 given when the plaintiff needed and requested it."  (Id. ¶ 7.)  An

27 hour later, he was placed in restraints and escorted by Defendants

28 Carrasco and Ferry to A-Facility.  (Id. ¶ 8.)

2

**United States District Court**
For the Northern District of California

1    Plaintiff waited two hours before he was "finally face to face

2  with medical staff in the person of Defendant Hernandez."  (Id.

3  ¶ 10.)  Defendant Hernandez "asked Defendant West what did she want

4  to do, to which West replied, 'he can go to the cage and wait.

5  I'll be another hour.'"  (Id.)  Defendant Hernandez told Defendant

6  Ferry "to return [Plaintiff] to [his] housing unit as they were not

7  ready for [him]."  (Id.)

8    Plaintiff asked to speak with a supervisor because he was "in

9  a great deal of pain and the Defendant nurses were failing to

10  dispense medication as prescribed."  (Id. ¶ 11.)  Instead,

11  Defendants Carrasco and Ferry began to escort Plaintiff back to his

12  cell, ignoring his "complaints of pain and problems with nausea to

13  the point when [he began] to vomit blood."  (Id. ¶ 12.)

14    On the way back to the housing unit, Plaintiff continued to

15  complain about his condition.  (Id. ¶ 13.)  Defendant Carrasco

16  "began to forcefully pull the Plaintiff, putting him off balance,"

17  and Plaintiff asked him to stop because he was in pain.  (Id.)

18  Defendant Carrasco then struck Plaintiff "in the face and head area

19  with his knee."  (Id. ¶ 14.)  Defendants Carrasco and Ferry

20  "slammed the plaintiff to the ground, where Defendant Carrasco

21  kneed him in the face and head area again, then [Defendant

22  Carrasco] held [Plaintiff's] head down by placing his knee on it."

23  (Id.)  During this incident, Plaintiff was "in restraints, behind

24  his back, on both hands."  (Id.)

25    After the incident, Defendant West "came to the cage for a

26  medical assessment," and she noted "injuries to both sides of [his]

27  face."  (Id. ¶ 15.)  Defendant West also gave Plaintiff the

28  medication he requested for his pain and nausea.  (Id.)

3

**United States District Court**
For the Northern District of California

1    Plaintiff claims that he sustained injuries as a result of

2  this incident, including "swelling, abrasions and bruising on both

3  sides of his face, [and] sore wrists . . . ."  (<u>Id.</u> ¶ 17.)

4  III. Legal Claims

5    A.  Deliberate Indifference Claim

6    Deliberate indifference to serious medical needs violates the

7  Eighth Amendment's proscription against cruel and unusual

8  punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976);

9  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u>

10 <u>on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133,

11 1136 (9th Cir. 1997) (en banc); <u>Jones v. Johnson</u>, 781 F.2d 769, 771

12 (9th Cir. 1986).  A determination of "deliberate indifference"

13 involves an examination of two elements: the seriousness of the

14 prisoner's medical need and the nature of the defendant's response

15 to that need.  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1059.  A "serious" medical

16 need exists if the failure to treat a prisoner's condition could

17 result in further significant injury or the "unnecessary and wanton

18 infliction of pain."  <u>Id.</u>  (citing <u>Estelle</u>, 429 U.S. at 104).  A

19 prison official is deliberately indifferent if he or she knows that

20 a prisoner faces a substantial risk of serious harm and disregards

21 that risk by failing to take reasonable steps to abate it.  <u>Farmer</u>

22 <u>v. Brennan</u>, 511 U.S. 825, 837 (1994).

23    Assuming Plaintiff's medical needs were "serious," Plaintiff

24 must allege facts which support a finding of deliberate

25 indifference to those needs by Defendants West, Hernandez, Ferry

26 and Carrasco.  Such indifference may appear when prison officials

27 deny, delay or intentionally interfere with medical treatment, or

28 it may be shown in the way in which prison officials provide

4

medical care.  See McGuckin, 974 at 1062.  Here, Defendants West
and Hernandez delayed treatment by sending Plaintiff back to his
housing unit without examining him even though he was displaying
the symptoms mentioned above.  Defendants Carrasco and Ferry
ignored Plaintiff's requests to speak with a supervisor; instead,
they used excessive force against him even though he was in severe
pain.  It was only when Plaintiff was examined for injuries after
the alleged excessive force incident that he was finally given the
medicine he requested to alleviate his symptoms.  Plaintiff's
allegations present a cognizable deliberate indifference claim
against Defendants West, Hernandez, Ferry and Carrasco for their
initial failure to provide him with medical care in response to his
symptoms.  See Lolli v. County of Orange, 351 F.3d 410, 420-21 (9th
Cir. 2003) (holding that a jury could infer that correctional
officers' failure to provide medical care in response to detainee's
extreme behavior, sickly appearance and statements that he was
diabetic and needed food demonstrated deliberate indifference).

     B.   Excessive Force

     A prisoner has the right to be free from cruel and unusual
punishment, including physical abuse by guards.  Whenever prison
officials stand accused of using excessive physical force in
violation of the Eighth Amendment, the core judicial inquiry is
whether force was applied in a good-faith effort to maintain or
restore discipline, or maliciously and sadistically to cause harm.
Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v.
Albers, 475 U.S. 312, 317 (1986)).

     Liberally construed, Plaintiff's complaint also states a
cognizable Eighth Amendment claim for the use of excessive force

against Defendants Carrasco and Ferry.

C.   State Law Claims

Plaintiff alleges that Defendants' actions violate various provisions of California constitutional, statutory and tort law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Plaintiff claims that Defendants Carrasco and Ferry are liable for assault and battery for "using physical force against [him]." (Compl. ¶ 21.)  Plaintiff also claims that Defendants West, Hernandez, Ferry and Carrasco were negligent due to their failure to "heed [Plaintiff's] complaints of pain and nausea, despite familiarity with his extensive history of severe abdominal problems."  (Id. ¶ 23.)  Liberally construed, Plaintiff's allegations satisfy the statutory requirement.  Accordingly, the Court will exercise supplemental jurisdiction over the aforementioned state law claims.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff states a cognizable Eighth Amendment claim against Defendants Carrasco and Ferry for the use of excessive force.

2.   Plaintiff's allegations present a cognizable Eighth Amendment deliberate indifference claim against Defendants West, Hernandez, Ferry and Carrasco.

**United States District Court**
For the Northern District of California

1    3.    The Court will exercise supplemental jurisdiction over

2   Plaintiff's state law claims that the actions of Defendants were

3   negligent and constituted assault and battery.

4    4.    The Clerk of the Court shall mail a Notice of Lawsuit and

5   Request for Waiver of Service of Summons, two copies of the Waiver

6   of Service of Summons, a copy of the complaint and all attachments

7   thereto (docket no. 1) and a copy of this Order to <u>SVSP</u>

8   <u>Correctional Officers R. Carrasco and D. Ferry as well as SVSP</u>

9   <u>Licensed Vocational Nurses L. West and Hernandez</u>.   The Clerk of the

10  Court shall also mail a copy of the complaint and a copy of this

11  Order to the State Attorney General's Office in San Francisco.

12  Additionally, the Clerk shall mail a copy of this Order to

13  Plaintiff.

14   5.    Defendants are cautioned that Rule 4 of the Federal Rules

15  of Civil Procedure requires them to cooperate in saving unnecessary

16  costs of service of the summons and complaint.   Pursuant to Rule 4,

17  if Defendants, after being notified of this action and asked by the

18  Court, on behalf of Plaintiff, to waive service of the summons,

19  fail to do so, they will be required to bear the cost of such

20  service unless good cause be shown for their failure to sign and

21  return the waiver form.   If service is waived, this action will

22  proceed as if Defendants had been served on the date that the

23  waiver is filed, except that pursuant to Rule 12(a)(1)(B),

24  Defendants will not be required to serve and file an answer before

25  <u>sixty (60) days</u> from the date on which the request for waiver was

26  sent.   (This allows a longer time to respond than would be required

27  if formal service of summons is necessary.)   Defendants are asked

28  to read the statement set forth at the foot of the waiver form that

7

**United States District Court**
For the Northern District of California

more completely describes the duties of the parties with regard to
waiver of service of the summons.  If service is waived after the
date provided in the Notice but before Defendants have been
personally served, the Answer shall be due <u>sixty (60) days</u> from the
date on which the request for waiver was sent or <u>twenty (20) days</u>
from the date the waiver form is filed, whichever is later.

6.   Defendants shall answer the complaint in accordance with
the Federal Rules of Civil Procedure.  The following briefing
schedule shall govern dispositive motions in this action:

a.   No later than <u>ninety (90) days</u> from the date their
answer is due, Defendants shall file a motion for summary judgment
or other dispositive motion.  The motion shall be supported by
adequate factual documentation and shall conform in all respects to
Federal Rule of Civil Procedure 56.  If Defendants are of the
opinion that this case cannot be resolved by summary judgment, they
shall so inform the Court prior to the date the summary judgment
motion is due.  All papers filed with the Court shall be promptly
served on Plaintiff.

b.   Plaintiff's opposition to the dispositive motion
shall be filed with the Court and served on Defendants no later
than <u>sixty (60) days</u> after the date on which Defendants' motion is
filed.  The Ninth Circuit has held that the following notice should
be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary
> judgment by which they seek to have your case dismissed.
> A motion for summary judgment under Rule 56 of the
> Federal Rules of Civil Procedure will, if granted, end
> your case.

> Rule 56 tells you what you must do in order to
> oppose a motion for summary judgment.  Generally, summary
> judgment must be granted when there is no genuine issue
> of material fact -- that is, if there is no real dispute

8

**United States District Court**
For the Northern District of California

1   about any fact that would affect the result of your case,
    the party who asked for summary judgment is entitled to
2   judgment as a matter of law, which will end your case.
    When a party you are suing makes a motion for summary
3   judgment that is properly supported by declarations (or
    other sworn testimony), you cannot simply rely on what
4   your complaint says.  Instead, you must set out specific
    facts in declarations, depositions, answers to
5   interrogatories, or authenticated documents, as provided
    in Rule 56(e), that contradict the facts shown in the
6   defendant's declarations and documents and show that
    there is a genuine issue of material fact for trial.  If
7   you do not submit your own evidence in opposition,
    summary judgment, if appropriate, may be entered against
8   you.  If summary judgment is granted [in favor of the
    defendants], your case will be dismissed and there will
9   be no trial.

10  See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

11  banc).

12      Plaintiff is advised to read Rule 56 of the Federal Rules of

13  Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

14  (party opposing summary judgment must come forward with evidence

15  showing triable issues of material fact on every essential element

16  of his claim).  Plaintiff is cautioned that because he bears the

17  burden of proving his allegations in this case, he must be prepared

18  to produce evidence in support of those allegations when he files

19  his opposition to Defendants' dispositive motion.  Such evidence

20  may include sworn declarations from himself and other witnesses to

21  the incident, and copies of documents authenticated by sworn

22  declaration.  Plaintiff will not be able to avoid summary judgment

23  simply by repeating the allegations of his complaint.

24      c.  If Defendants wish to file a reply brief, they shall

25  do so no later than thirty (30) days after the date Plaintiff's

26  opposition is filed.

27      d.  The motion shall be deemed submitted as of the date

28  the reply brief is due.  No hearing will be held on the motion

9

**United States District Court**
For the Northern District of California

1  unless the Court so orders at a later date.

2      7.   Discovery may be taken in this action in accordance with

3  the Federal Rules of Civil Procedure.  Leave of the Court pursuant

4  to Rule 30(a)(2) is hereby granted to Defendants to depose

5  Plaintiff and any other necessary witnesses confined in prison.

6      8.   All communications by Plaintiff with the Court must be

7  served on Defendants, or Defendants' counsel once counsel has been

8  designated, by mailing a true copy of the document to Defendants or

9  Defendants' counsel.

10     9.   It is Plaintiff's responsibility to prosecute this case.

11 Plaintiff must keep the Court informed of any change of address and

12 must comply with the Court's orders in a timely fashion.

13     10.  Extensions of time are not favored, though reasonable

14 extensions will be granted.  Any motion for an extension of time

15 must be filed no later than fifteen (15) days prior to the deadline

16 sought to be extended.

17     IT IS SO ORDERED.

18 DATED: 11/24/2010

   CLAUDIA WILKEN
19                           UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

1

2

3

4   DEMETRIUS A. WRIGHT,
    Case Number: CV10-00064 CW

5                 Plaintiff,
    **CERTIFICATE OF SERVICE**

6      v.

7   R. CARASCO et al,

8                 Defendant.
    _____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11  That on November 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.

13

14

15  Demetrius Ahmed Wright T65802
    Salinas Valley State Prison
16  P.O. Box 1050
    Soledad,  CA 93960

17

    Dated: November 24, 2010
18
                                      Richard W. Wieking, Clerk
19                                    By: Nikki Riley, Deputy Clerk

20

21

22

23

24

25

26

27

28

11