1

2

3                     IN THE UNITED STATES DISTRICT COURT

4                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

5
DEMETRIUS A. WRIGHT,                    No. C 10-00064 CW (PR)
6
           Plaintiff,                   ORDER REQUIRING SERVICE ON
7                                       DEFENDANT LVN E. WEST; SECOND
      v.                                ORDER DIRECTING PLAINTIFF TO
8                                       PROVIDE CURRENT ADDRESS
R. CARASCO, et al.,                     NECESSARY TO LOCATE DEFENDANT
9                                       LVN HERNANDEZ; AND SETTING NEW
           Defendants.                  BRIEFING SCHEDULE
10  _____/

11

12        Plaintiff, a state prisoner at Salinas Valley State Prison

13   (SVSP), filed the present pro se prisoner complaint under 42 U.S.C.

14   § 1983 stemming from an excessive force incident that took place in

15   August, 2008.

16        On November 24, 2010, the Court issued an Order of Service.

17   In that Order, the Court found that Plaintiff's allegations --

18   specifically, that Defendants Licensed Vocational Nurses (LVNs)

19   West and Hernandez delayed treatment by sending Plaintiff back to

20   his housing unit without examining him even though he was

21   displaying symptoms of pain from the alleged excessive force

22   incident -- presented a cognizable deliberate indifference claim

23   against Defendants West and Hernandez.  (Nov. 24, 2010 Order at 5.)

24   The Court also found other claims cognizable against Defendants

25   Carrasco and Ferry, who have been served in this action.

26        In an Order dated December 9, 2010, the Court informed

27   Plaintiff that service has been ineffective on Defendants West and

28   Hernandez.  Plaintiff was directed to either provide the current

addresses or more information regarding Defendants West and Hernandez, such as a first name or initial.  The Court stated: "If Plaintiff provides the Court with the information above, service shall again be attempted.  If service fails a second time, all claims against Defendants West and Hernandez shall be dismissed." (Dec. 9, 2010 Order at 2.)

On January 6, 2011, Plaintiff filed a document entitled, "Motion for the Court to Order Service on Defendants LVNs West and Hernandez at Salinas Valley [State] Prison," which shall be construed as Plaintiff's response to the December 9, 2010 Order. In that document, Plaintiff gave more information regarding Defendants West and Hernandez, including Defendant West's first initial, "E."  Therefore, the deliberate indifference claim may proceed against Defendant LVN E. West, who shall be served, as directed below.  All parties shall abide by the briefing schedule outlined below.

Plaintiff also explained that he came across Defendant Hernandez working in the "A-Facility" at the prison on December 17, 2010; however, he did not indicate a first initial or a current address for that Defendant.  Clerk staff contacted the litigation coordinator at SVSP to forward the information that Plaintiff had given the Court on January 6, 2010.  On February 14, 2011, the litigation coordinator at SVSP indicated that they have been unable to locate Defendant Hernandez, stating: "Personnel records for the institution do not reflect employment of a person by this name for the date or location in which the alleged incident occurred." (Feb. 10, 2011 Letter from Litigation Coordinator A. Esparza at 1.)

2

United States District Court
For the Northern District of California

Because Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal.  See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); see also Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Service on Defendant Hernandez has been attempted and has failed; however, the Court will allow Plaintiff a second

opportunity to provide the Court with information necessary to locate Defendant Hernandez.

CONCLUSION

1.    Within <u>thirty (30) days</u> of the date of this Order, Plaintiff must provide the Court with a current address, necessary to locate Defendant Hernandez.  Failure to do so shall result in the dismissal of all claims against Defendant Hernandez.  If Plaintiff provides the Court with a current address, service shall again be attempted.  If service fails a second time, all claims against Defendant Hernandez shall be dismissed.

2.    Plaintiff's "Motion for the Court to Order Service on Defendants LVNs West and Hernandez at Salinas Valley [State] Prison" (docket no. 14) is TERMINATED as no longer pending on the Court's docket because it has been construed as Plaintiff's response to the December 9, 2010 Order.

3.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) as well as a copy of Plaintiff's "Motion for the Court to Order Service on Defendants LVNs West and Hernandez at Salinas Valley [State] Prison" (docket no. 14), a copy of the Court's November 24, 2010 Order, and a copy of this Order to: <u>SVSP Licensed Vocational Nurse E. West</u>.  The Clerk of the Court shall also mail a copy of the "Motion for the Court to Order Service on Defendants LVNs West and Hernandez at Salinas Valley [State] Prison" (docket no. 14) and a copy of this Order to Defendants Carrasco's and Ferry's attorney, Adrian Shin at the State Attorney

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    4.   Defendant West is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires her to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant West, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, she will be required to bear the cost of such service unless good cause be shown for her failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant West had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant West will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant West is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant West has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    5.   Defendant West shall answer the allegations in Plaintiff's complaint in accordance with the Federal Rules of Civil Procedure.

6.    The following briefing schedule shall govern dispositive motions filed by Defendants West, Carrasco and Ferry, in this action:

a.    No later than <u>sixty (60) days</u> from the date Defendant West's answer is due, Defendants West, Carrasco and Ferry shall file a motion for summary judgment or other dispositive motion.   The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.   If the aforementioned Defendants are of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.   All papers filed with the Court shall be promptly served on Plaintiff.

b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants West, Carrasco and Ferry no later than <u>sixty (60) days</u> after the date on which the dispositive motion is filed.

c.    Defendants West, Carrasco and Ferry shall file a reply brief no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

d.    The motion shall be deemed submitted as of the date the reply brief is due.   No hearing will be held on the motion unless the Court so orders at a later date.

e.    Defendants Carrasco and Ferry, who have previously been served, have been told that discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is also hereby granted

United States District Court

For the Northern District of California

to Defendant West to depose Plaintiff and any other necessary
witnesses confined in prison.

        f.   As Plaintiff has been instructed to do so with
Defendants Carrasco and Ferry, all communications by Plaintiff with
the Court must be served on Defendant West, or Defendant West's
counsel once counsel has been designated, by mailing a true copy of
the document to her counsel.

     7.   This Order terminates Docket no. 14

     IT IS SO ORDERED.

Dated: 3/3/2011



CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS A. WRIGHT,

        Plaintiff,

  v.

R. CARASCO et al,

        Defendant.

_____/

Case Number: CV10-00064 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrius Ahmed Wright T65802
Salinas Valley State Prison
P.O. Box 1050
Soledad,  CA 93960

Dated: March 3, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California

8