IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS A. WRIGHT,

       Plaintiff,

  v.

R. CARASCO, et al.,

       Defendants.
                                   /

No. C 10-00064 CW (PR)

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE ALL CLAIMS AGAINST DEFENDANT LVN HERNANDEZ

    Plaintiff, a state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983.  The Court issued an Order of Service.

    Defendant Licensed Vocational Nurse (LVN) Hernandez has not been served in this action.  The Court has been informed that the litigation coordinator at Salinas Valley State Prison has been unable to locate Defendant Hernandez.

    As Plaintiff is proceeding in forma pauperis (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

    Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d

1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why complaint against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

In an Order dated March 3, 2011, the Court informed Plaintiff that service had been ineffective on Defendant Hernandez and directed Plaintiff to provide the Court with the required information necessary to identify Defendant Hernandez within thirty days of the Order. Thirty days have passed, and Plaintiff has failed to provide the Court with the aforementioned required information. Instead, Plaintiff has filed a "Motion to Dismiss LVN Hernandez From the Complaint Without Prejudice" (docket no. 21).

Accordingly, Plaintiff's motion (docket no. 21) is GRANTED and all claims against Defendant Hernandez are DISMISSED without prejudice under Rule 4(m).

This Order terminates Docket no. 21.

IT IS SO ORDERED.

Dated: 4/12/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEMETRIUS A. WRIGHT,

        Plaintiff,

  v.

R. CARASCO et al,

        Defendant.

Case Number: CV10-00064 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demetrius Ahmed Wright T65802
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: April 12, 2011

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk

3