IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS AHMED WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>R. CARRASCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-0064 CW (PR)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM<br><br>(Docket nos. 29, 40) |

    Plaintiff Demetrius Ahmed Wright, a prisoner at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that prison officials at SVSP were deliberately indifferent to his serious medical needs and used excessive force against him in violation of the Eighth Amendment. The Court found cognizable Plaintiff's Eighth Amendment claims and exercised supplemental jurisdiction over Plaintiff's state law claims of negligence, assault and battery. Defendants R. Carrasco, D. Ferry and E. West now move to dismiss and for summary judgment. Having considered all the papers filed by the parties, the Court GRANTS in part the motion to dismiss, and GRANTS in part the motion for summary judgment.

BACKGROUND

    The following facts are taken from the allegations in Plaintiff's verified complaint.

    On August 31, 2008, Plaintiff was incarcerated at SVSP. Carrasco and Ferry were correctional officers at SVSP. West was a licensed vocational nurse at SVSP.

After Plaintiff requested escort to the medical clinic to receive his prescription medication for pain and nausea, Ferry placed Plaintiff in restraints and escorted him from his housing unit to the medical clinic. Compl. ¶ 7. Carrasco accompanied them. Id. ¶ 8.

When Plaintiff approached the medical clinic window, nurse Hernandez alerted West to Plaintiff's presence. West replied: "He can go to the cage and wait. I'll be another hour." Compl. ¶ 10. Hernandez directed Ferry to return Plaintiff to his housing unit because the medical staff was not ready for him. Id.

Plaintiff was in great pain because he did not receive his medication; he asked to speak with a supervisor. Compl. ¶ 11. Ferry and Carrasco then took hold of Plaintiff's right and left forearms, respectively. Id. They refused to call a supervisor and ignored Plaintiff's complaints of pain and nausea. Id. ¶ 12. Plaintiff began to vomit blood. Id.

While walking back to the housing unit, Carrasco forcefully pulled Plaintiff and put him off balance. Compl. ¶ 13. Plaintiff asked Carrasco three times to stop pulling him because he was in pain. Id. Carrasco grasped the back of Plaintiff's neck with his right hand and struck Plaintiff in the face and head with his knee. Id. ¶ 14. "These defendants" then slammed Plaintiff to the ground, and Carrasco kneed Plaintiff in the face and head and held Plaintiff's head down by placing his knee on it. Id.

Approximately fifteen minutes after Plaintiff returned to the holding cage, West visited him for a medical assessment. Compl. ¶ 15. West noted injuries to both sides of Plaintiff's face. Id.

She also gave Plaintiff the medication he had requested almost two hours earlier. Id.

A few hours later, Correctional Lieutenant S. Hatton and Sergeant Ingle interviewed Plaintiff about his allegation of excessive force. Compl. ¶ 16. The interview was videotaped. Id.

On September 1, 2008, Plaintiff submitted an inmate appeal (SVSP A-08-04056) regarding excessive force. Compl. ¶ 16; Decl. E. Medina Supp. Mot. Summ J. (Medina Decl.) Ex. B. The appeal was exhausted and denied. Id.

Additionally, Plaintiff's request for an interview with D. Lewis, a nursing supervisor, led to an informal resolution that Plaintiff's medication would be dispensed properly. Compl. ¶ 19.

On January 1, 2010, Plaintiff filed the present action for damages and injunctive relief. Plaintiff claims that West's delay in providing him his prescribed medication resulted in his suffering pain and nausea for two hours and constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment, and negligence under California law. Compl. ¶¶ 22-23. Further, Plaintiff claims that Carrasco and Ferry's use of unnecessary physical force constitutes cruel and unusual punishment in violation of the Eighth Amendment, and assault and battery under California law. Id. ¶¶ 20-21.

DISCUSSION

I. Motion to Dismiss

Defendants move to dismiss Plaintiff's Eighth Amendment deliberate indifference and state law negligence claims against

3

West[1] pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b). Defendants argue that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).[2]

A. Legal Standard

The PLRA provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory and not subject to the discretion of the court. Woodford v. Ngo, 548 U.S. 81, 85 (2006). A complaint must be dismissed if the prisoner did not exhaust all available administrative remedies before filing suit. Booth v. Churner, 532 U.S. 731, 738 (2001); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

The PLRA requires "proper exhaustion" of administrative remedies. Woodford, 548 U.S. at 93. To meet this exacting standard, prisoners not only must lodge a formal administrative grievance, but also pursue it through each stage of the

---

[1] Defendants' motion to dismiss and Plaintiff's opposition suggest that Plaintiff's Eighth Amendment claim of deliberate indifference was made against all three Defendants. Further, Defendants' motion to dismiss suggests that Plaintiff's state law claim of negligence was made against all three Defendants. However, the Court finds that the language of the complaint indicates clearly that Plaintiff directed the Eighth Amendment claim of deliberate indifference and the state law claim of negligence against only West. See Compl. ¶¶ 22-23.

[2] Defendants also move to dismiss Plaintiff's excessive force and assault and battery claims against Ferry. This argument is addressed below, in section II, subsection D of this Order.

4

administrative process in "compliance with an agency's deadlines and other critical procedural rules." Id. at 90. A prisoner must exhaust even when the remedy he or she seeks is unavailable through the grievance process, notably money damages. Id. at 85-86 (citing Booth, 532 U.S. at 734); see also Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010).

State prison regulations define the contours of proper exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). Under California law, inmates have a right to an administrative appeal of "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. (CCR) tit. 15, § 3084.1(a). Inmates also have a right to file administrative appeals alleging misconduct by correctional officers. Id. § 3084.1(e).

To exhaust all available administrative remedies, a prisoner in California must complete a Form 602 and proceed through the following four levels of administrative review: (1) an informal level grievance filed directly with the prison staff member against whom the grievance is brought; (2) a first formal level appeal filed with one of the institution's appeal coordinators; (3) a second formal level appeal filed with the institution head or designee; and (4) a third formal level appeal filed with the Director of the California Department of Corrections and Rehabilitation (CDCR) or designee. Id. § 3084.5; see Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

Non-exhaustion under § 1997e(a) is an affirmative defense that must be raised and proved by a defendant in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding such a motion, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20.

B. Eighth Amendment Claim Against West

Defendants argue that Plaintiff never submitted a grievance regarding West's alleged deliberate indifference to Plaintiff's serious medical needs and thus deprived prison officials of a full and fair opportunity to adjudicate this claim before Plaintiff filed this action.

In response, Plaintiff argues he satisfied the exhaustion requirement by submitting an informal "Request for Interview" with nursing supervisor D. Lewis and, as a result, he was interviewed by Lewis and informed by her that the nursing staff would dispense his medication properly in the future. Plaintiff maintains that because he encountered no further problems during the time he was receiving medication, there was no need for further administrative review.

The Court finds Plaintiff's argument unpersuasive. As noted above, the correct avenue to exhaust administrative remedies is by filing a Form 602 and proceeding through four levels of appeal. Here, Plaintiff did not follow these procedures with respect to his complaints against West. Rather, the resolution Plaintiff secured from Lewis at the informal level concerned only the issue of the dispensation of his medication. It did not address the issue of

West's alleged failure to attend to Plaintiff's serious medical needs and his resulting injury. Neither did Plaintiff raise the issue of West's inadequate medical care in the grievance he submitted on September 1, 2008 (SVSP A-08-04056), which addressed his excessive force claims. Thus, Plaintiff never offered prison officials a full and fair opportunity to address the issue of West's actions before he filed this lawsuit.

Because Plaintiff failed to exhaust his administrative remedies with respect to his Eighth Amendment claim of deliberate indifference against West, the Court GRANTS, without prejudice, the motion to dismiss this claim. Plaintiff may refile this claim in a new action if he is able to exhaust his administrative remedies in compliance with the California Code of Regulations.

C.   State Law Claim Against West

Defendants argue that Plaintiff failed to exhaust his administrative remedies under the PLRA with respect to his supplemental state law negligence claim against West. The PLRA exhaustion requirement does not apply to state law claims and Defendants have not argued that Plaintiff failed to meet the applicable state law exhaustion requirement. See Tapia v. Alameida, 2006 WL 3457214, at *3 (E.D. Cal.) (holding that section 1997e(a) does not apply to state law claims); see also Martinez v. California, 2009 WL 649892, at *3 (E.D. Cal.) (discussing the application of California's Tort Claims Act to a prisoner's state tort claims of negligence, assault and battery).

Nevertheless, because the Court has dismissed Plaintiff's Eighth Amendment deliberate indifference claim against West,

Plaintiff's supplemental state law negligence claim against West is also DISMISSED without prejudice. See 28 U.S.C. § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (holding district court correctly exercises discretionary authority to dismiss state law claims when associated federal claims dismissed before trial). Plaintiff may refile this claim as supplemental to a new federal claim against West if he is able properly to exhaust his administrative remedies. He may instead file it in state court, but, again, only if he is able properly to exhaust the appropriate state administrative remedies.

II. Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment concerning Plaintiff's claims alleging excessive force, assault and battery against Ferry and Carrasco. Defendants contend that they used reasonable force to regain control of Plaintiff and that the force used was for the sole purpose of restoring or maintaining order. Further, Defendants argue that, even if the use of force was excessive, Ferry and Carrasco are entitled to qualified immunity because reasonable officers would not have known that their actions were unlawful.

A. Legal Standard

Summary judgment is only proper where the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

8

trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The burden then shifts to the non-moving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citing Fed. R. Civ. P. 56(e)).

B.  Motion to Exclude Videotape

In support of their motion for summary judgment, Defendants rely on statements made by Plaintiff and Plaintiff's physical appearance, as captured in a videotaped interview of Plaintiff by Correctional Lieutenant S. Hatton and Sergeant Ingle about the incident on the day it occurred. See Hatton Decl. Ex. D (videotape).

Plaintiff alleges that he has been unable to view the videotape even though he followed the instructions of Defendants' counsel and requested the videotape from the Litigation Coordinator's office. Consequently, he moves to exclude the videotape as evidence in support of the motion for summary judgment and to deny the motion for summary judgment until he has had the opportunity to view the videotape.

The Court will not consider the videotape on this motion but will consider only the interview transcript as quoted in Defendants' brief. The Court will review the videotape only to ensure that the transcript is accurate. Plaintiff's motion to exclude the videotape is GRANTED.

9

C. Excessive Force

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, i.e., the offending conduct must be wanton. Id. (citing Wilson, 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7; LeMaire, 12 F.3d at 1454; see also Spain v.

10

Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (guards may use force only in proportion to need in each situation).

Although the extent of injury suffered by a prisoner is one of the factors to be considered in determining whether the use of force is wanton and unnecessary, the absence of serious injury does not end the Eighth Amendment inquiry. Hudson, 503 U.S. at 7. Whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation is contextual and responsive to contemporary standards of decency. Id. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). Such standards are always violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident. Id.; see Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991) (it is not degree of injury which makes out violation of Eighth Amendment but use of official force or authority that is intentional, unjustified, brutal and offensive to human dignity).

This is not to say that the "absence of serious injury" is not relevant to the Eighth Amendment inquiry. Hudson, 503 U.S. at 7. The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could possibly have been thought necessary in a particular situation. Id. The extent of injury may also provide some indication of the amount of force applied. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). But not every malevolent touch by a prison guard gives rise to a federal cause of action. Hudson, 503 U.S. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

11

conscience. Id. An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. Id.

### D. Eighth Amendment Claim Against Ferry[3]

Defendants argue that the undisputed evidence shows that Plaintiff has admitted that Ferry did not use force against him. Defendants are correct.

Plaintiff offers inconsistent accounts of Ferry's involvement. In his complaint, Plaintiff suggests that Ferry used force against him when he states that "these defendants" slammed him to the ground. See Compl. ¶ 14. On Plaintiff's Form 602 and in Plaintiff's interview with Lieutenant Hatton and Sergeant Ingle, however, Plaintiff admitted that Ferry did not use force against him. On his Form 602, Plaintiff stated that Ferry was already holding his left arm when Carrasco approached and took hold of his right arm. Medina Decl. Ex. B. When Carrasco pulled him forcefully, Plaintiff continued, Plaintiff asked Carrasco to allow Ferry to escort him. Id. Plaintiff then described how Carrasco grasped the back of Plaintiff's neck with his right hand, struck Plaintiff twice before he hit the ground and again struck Plaintiff multiple times while he was on the ground. Id.

Plaintiff offered a similar account in his interview. He described Ferry's involvement as follows: Ferry was merely standing on Plaintiff's left side; Plaintiff told Carrasco to let Ferry

---

[3] Defendants move to dismiss Plaintiff's Eighth Amendment excessive force and state law assault and battery claims against Ferry as unexhausted. Plaintiff presents evidence he argues shows exhaustion. The Court DENIES this motion as moot because, even if the claims are exhausted, Ferry is entitled to summary judgment.

12

escort him; while Carrasco pulled Plaintiff in one direction, Ferry pulled him in another direction. Carrasco put his arm around Plaintiff's neck, pushed his head down towards waist level and kneed him in the face twice before he hit the ground. When Hatton asked Plaintiff if he was "saying it was all Officer Carrasco," Plaintiff said, "Yes." Hatton Decl. Ex. D.

Based on the above facts, the Court determines that Plaintiff has not presented evidence that Ferry used excessive force against him. Plaintiff cannot defeat summary judgment by creating a dispute of fact based on his own contradictory statements. Plaintiff's evidence shows only that Ferry was holding one of his arms because Ferry, along with Carrasco, was escorting Plaintiff back to his housing unit. Further, even if Ferry used force, Plaintiff's evidence shows that Ferry did not maliciously and sadistically use such force to cause Plaintiff harm, and that his use of force was de minimis and did not amount to a violation of Plaintiff's Eighth Amendment rights. See Hudson, 503 U.S. at 9.

Because Plaintiff has not raised a genuine dispute of material fact as to whether Ferry's actions amount to excessive force, summary judgment is GRANTED to Ferry on this claim. Further, because the Court concludes that Ferry did not violate Plaintiff's Eighth Amendment rights, it does not reach the merits of Ferry's qualified immunity claim.

E.   State Law Claims Against Ferry

Plaintiff's state law assault and battery claims against Ferry fail for the same reason his Eighth Amendment excessive force claim failed. Causes of action for California law torts of assault and battery require showing that the use of force was unreasonable.

13

Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001). As previously set forth, Plaintiff's evidence shows that Ferry did not use force against him. Further, even if Ferry used force, Plaintiff's evidence demonstrates that the force was minimal and not unreasonable.

Because Plaintiff has not raised a genuine dispute of material fact as to whether Ferry's actions amount to assault and battery, summary judgment is GRANTED to Ferry on these claims.

F. Eighth Amendment Claim Against Carrasco

Defendants argue that Carrasco's use of force was not excessive and, therefore, did not violate Plaintiff's Eighth Amendment rights. For the reasons discussed below, the Court finds that Plaintiff has raised genuine issues of material fact as to whether Carrasco used excessive force against him.

Defendants argue that Carrasco used reasonable force in a good-faith effort to maintain or restore order and, further, that Plaintiff cannot demonstrate that Carrasco used force maliciously and sadistically to cause harm. Defendants argue that any injury Plaintiff suffered was minimal and that the force used was proportional and necessary due to Plaintiff's refusal to comply with orders. Even if the Court admitted the videotape, and the videotape showed no visible injury, summary judgment would be denied because the absence of serious injury does not end the Eighth Amendment inquiry. See Hudson, 503 U.S. at 7. Based on Plaintiff's evidence, a reasonable jury could find that Carrasco acted wantonly, maliciously and for the express purpose of causing harm. Direct evidence of malice and sadism is not required.

14

Accordingly, summary judgment is DENIED on this claim, and the Court will retain supplemental jurisdiction over Plaintiff's state law assault and battery claims against Carrasco.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss the Eighth Amendment deliberate indifference claim against West is GRANTED without prejudice to refiling if Plaintiff is able properly to exhaust his prison grievance remedies.

2. Plaintiff's supplemental state law negligence claim against West is DISMISSED without prejudice to Plaintiff's raising such a claim supplemental to a new federal complaint, or in state court, if he is able to exhaust his state administrative remedies.

3. Defendants' motion to dismiss the Eighth Amendment excessive force and state law assault and battery claims against Ferry is DENIED as moot.

4. Plaintiff's motion to exclude the videotape is GRANTED.

5. Defendants' motion for summary judgment is GRANTED in part and DENIED in part, as follows:

   a. Summary judgment is GRANTED as to Plaintiff's Eighth Amendment excessive force and state law assault and battery claims against Ferry.

   b. Summary judgment is DENIED as to Plaintiff's Eighth Amendment excessive force claim against Carrasco. The Court retains supplemental jurisdiction over Plaintiff's state law assault and battery claims against Carrasco.

6. The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights

15

cases may be referred to a magistrate judge for a settlement conference. The Court finds that a referral is in order now that Plaintiff's excessive force claim against Carrasco has survived summary judgment. Thus, this case is REFERRED to Magistrate Judge Vadas for a settlement conference.

The conference shall take place within one-hundred-twenty (120) days of the date of this Order, or as soon thereafter as is convenient to the magistrate judge's calendar. Magistrate Judge Vadas shall coordinate a time and date for the conference with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the conference, file with the Court a report regarding the conference.

The Clerk shall provide a copy of this Order, and copies of documents from the court file that are not accessible electronically, to Magistrate Judge Vadas.

7. The Clerk shall send a copy of this Order to Plaintiff.

This Order terminates Docket nos. 29 and 40.

IT IS SO ORDERED.

Dated: 3/30/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE