United States District Court

Northern District of California

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>      Plaintiff,<br><br>  v.<br><br>R. CARASCO, et al.,<br><br>      Defendants. | Case No.: C 10-0064 CW (PR)<br><br>ORDER DIRECTING FURTHER BRIEFING ON PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER REFERRING THIS CASE TO THE <u>PRO SE</u> PRISONER SETTLEMENT PROGRAM |

    Plaintiff Demetrius Ahmed Wright, a prisoner at Salinas Valley State Prison (SVSP), filed this <u>pro se</u> civil rights action under 42 U.S.C. § 1983. Plaintiff alleged in his complaint that prison officials at SVSP were deliberately indifferent to his serious medical needs and used excessive force against him in violation of the Eighth Amendment. The Court found cognizable Plaintiff's Eighth Amendment claims and exercised supplemental jurisdiction over his state law claims of negligence, assault and battery.

    By Order dated March 30, 2012, the Court granted Defendants' motion to dismiss Plaintiff's claims against Defendant West and granted Defendant Ferry's motion for summary judgment. Additionally, the Court denied Defendant Carasco's motion for summary judgment with respect to Plaintiff's Eighth Amendment excessive force claim, and retained supplemental jurisdiction over Plaintiff's state law assault and battery claims against Carasco. The Court referred the matter to the Northern District's Pro Se Prisoner Settlement Program for Magistrate Judge Nandor Vadas to conduct a settlement conference with the

parties. Docket no. 43.

On April 12, 2012, Magistrate Judge Vadas notified the parties that a settlement conference would be held on June 20, 2012 at California State Prison - Solano (CSP-Solano). Docket no. 45. Subsequently, on May 11, 2012, Magistrate Judge Vadas directed the Clerk of the Court to issue a writ of habeas corpus ad testificandum directing the Warden of SVSP to ensure Plaintiff's presence at CSP-Solano for the settlement conference. Docket no. 46.

On June 6, 2012, Plaintiff moved the Court to vacate both the settlement conference and the order of referral to the Pro Se Prisoner Settlement Program. Docket no. 50. In a declaration attached to his motion, Plaintiff states that, on June 3, 2012, he was told by a SVSP correctional officer that he was being transferred to CSP-Solano. Plaintiff declined to be transferred, for the following reasons: (1) he is a sensitive needs yard (SNY) prisoner and, because there is no SNY at CSP-Solano, he would have to be housed in administrative segregation at CSP-Solano; (2) the transfer would result in the loss of his current job assignment at SVSP and associated privileges, eligibility for a security-level reduction in September, participation in programs in which he is involved, assigned housing, and a scheduled visit with his seriously ill mother; and (3) the transfer would result in his inability to access his personal property and legal documents in pending actions. Docket no. 50. For these reasons, Plaintiff argued his attendance at the settlement conference would cause him undue hardship.

On June 11, 2012, the Court denied Plaintiff's motion to

vacate the settlement conference.  On June 18, 2012, SVSP prison officials informed Magistrate Judge Vadas that Plaintiff had refused to get on the bus to be transported to the settlement conference; consequently, the settlement conference date was vacated.  Docket no. 52.

In view of the above, the Court must determine how this case should proceed.  The Court does not take lightly Plaintiff's refusal to attend a court-ordered settlement conference. Moreover, his refusal to do so raises serious concerns about his ability to continue to prosecute this action - specifically, the possibility exists that, should this case proceed to trial, he would refuse to attend the trial for the same reasons he refused to attend the settlement conference.  Because, however, Plaintiff appears to be of the good-faith belief that his transfer to CSP-Solano to attend the settlement conference would have resulted in the not insubstantial negative consequences detailed in his declaration, the Court, before deciding how to proceed further, orders as follows:

No later than <u>twenty-eight</u> days from the date of this Order, Defendant shall file a response to Plaintiff's motion to vacate the Court's order referring this matter to the Pro Se Prisoner Settlement Program.  Such response <u>shall</u> include a declaration from an authorized SVSP prison official - who has been informed of the relevant facts of this case - attesting to SVSP's general policy regarding the transfer of prisoners to other prisons to attend settlement conferences and/or trials, and, specifically, to how such a transfer would affect Plaintiff, in view of the concerns he has raised.

No later than <u>fourteen</u> days from the date Plaintiff is served with a copy of the response, he shall file a reply in which he informs the Court and Defendant whether, in view of the information provided in the response, he will attend a rescheduled settlement conference.  If Plaintiff informs the Court and Defendant that he will not attend a rescheduled settlement conference, he shall show cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Additionally, Plaintiff shall inform the Court and Defendant of the length of his sentence and his anticipated release date.

IT IS SO ORDERED.

Dated: 9/27/2012

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE