United States District Court

Northern District of California

| | |
|---|---|
| DEMETRIUS A. WRIGHT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. CARRASCO, et al.,<br><br>　　　　Defendants. | Case No.: C 10-0064 CW (PR)<br><br>ORDER DENYING MOTION TO VACATE REFERRAL TO PRO SE PRISONER SETTLEMENT PROGRAM; DIRECTING MAGISTRATE JUDGE VADAS TO SCHEDULE SETTLEMENT CONFERENCE |

　　Plaintiff Demetrius Ahmed Wright, a prisoner at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983. On March 30, 2012, the Court granted Defendant Nurse West's motion to dismiss the medical and negligence claims against her, granted Defendant Correctional Officer Ferry's motion for summary judgment on the excessive force, assault and battery claims against him, and denied Defendant Correctional Officer R. Carrasco's motion for summary judgment on the excessive force, assault and battery claims against him. The Court referred the matter to the Northern District's Pro Se Prisoner Settlement Program (PSPSP) for Magistrate Judge Nandor Vadas to conduct a settlement conference with Plaintiff and Carrasco. Docket no. 43.

　　On April 12, 2012, Magistrate Judge Vadas notified the parties that a settlement conference would be held on June 20, 2012 at California State Prison - Solano (CSP-Solano). Docket no. 45. On June 6, 2012, Plaintiff moved the Court to vacate both the settlement conference and the order of referral to the PSPSP. Docket no. 50. In a declaration attached to his motion,

Plaintiff argued that his attendance at the settlement conference would cause him undue hardship for the following reasons: (1) he is a sensitive needs yard (SNY) prisoner and, because there is no SNY at CSP-Solano, he would have to be housed in administrative segregation at CSP-Solano; (2) the transfer would result in the loss of his current job assignment at SVSP and associated privileges, eligibility for a security-level reduction in September, participation in programs in which he is involved, assigned housing, and a scheduled visit with his seriously ill mother; and (3) the transfer would result in his inability to access his personal property and legal documents in pending actions. Docket no. 50.

On June 11, 2012, the Court denied Plaintiff's motion to vacate the settlement conference and the PSPSP referral. Docket no. 51. On June 18, 2012, SVSP prison officials informed Magistrate Judge Vadas that Plaintiff had refused to get on the bus to be transported to the settlement conference; consequently, the settlement conference date was vacated. Docket no. 52.

On September 27, 2012, the Court reviewed the above course of events and ruled as follows:

> In view of the above, the Court must determine how this case should proceed. The Court does not take lightly Plaintiff's refusal to attend a court-ordered settlement conference. Moreover, his refusal to do so raises serious concerns about his ability to continue to prosecute this action - specifically, the possibility exists that, should this case proceed to trial, he would refuse to attend the trial for the same reasons he refused to attend the settlement conference. Because, however, Plaintiff appears to be of the good-faith belief that his transfer to CSP-Solano to attend the settlement conference would have resulted in the not insubstantial negative consequences detailed in his

2

> declaration, the Court, before deciding how to proceed further, orders as follows:
>
> No later than twenty-eight days from the date of this Order, Defendant shall file a response to Plaintiff's motion to vacate the Court's order referring this matter to the Pro Se Prisoner Settlement Program. Such response shall include a declaration from an authorized SVSP prison official - who has been informed of the relevant facts of this case - attesting to SVSP's general policy regarding the transfer of prisoners to other prisons to attend settlement conferences and/or trials, and, specifically, to how such a transfer would affect Plaintiff, in view of the concerns he has raised.
>
> No later than fourteen days from the date Plaintiff is served with a copy of the response, he shall file a reply in which he informs the Court and Defendant whether, in view of the information provided in the response, he will attend a rescheduled settlement conference. If Plaintiff informs the Court and Defendant that he will not attend a rescheduled settlement conference, he shall show cause why this action should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Additionally, Plaintiff shall inform the Court and Defendant of the length of his sentence and his anticipated release date.

Docket no. 53 at 3:6-4:11.

On October 25, 2012, Defendants filed their response to Plaintiff's motion to vacate. Docket no. 54. It includes the declaration of S. Gomez, the Classification and Parole Representative at SVSP, who attests generally to the policies and procedures attendant to the temporary transfer of inmates to other institutions for court hearings, and specifically to the concerns raised by Plaintiff. Docket no. 55. The Court finds the content of Gomez's declaration of sufficient importance to the matters discussed in this Order that paragraphs 4 through 14 are quoted here in full:

3

4.   At the request of the Attorney General's Office, I have reviewed Plaintiff Demetrius Wright's declaration in support of his motion to vacate the Court's referral of his case to the pro se prisoner settlement program.  I understand that Plaintiff has filed this motion to avoid the temporary transfer to California State Prison-Solano (CSP-Solano) to attend a settlement conference.  In his declaration, Plaintiff alleges that such a transfer would adversely affect him in the following ways: (1) he will be housed in administrative segregation instead of the Sensitive Needs Yard during his stay at CSP-Solano; (2) he will not have access to his legal documents - in either this case or any other - while he is housed at CSP-Solano; (3) a transfer would cause him to lose his current job assignment, privileges, programming, housing assignment, and eligibility for a security level reduction; and, (4) an upcoming visit with his mother would have to be cancelled.

5.   CDCR's policies and procedures allow inmates temporarily transferring to another institution to attend a court appearance to bring with them all legal materials related to that case and legal materials for other cases if the inmate has a pending legal deadline.  Inmates are also allowed to bring with them their medications, glasses, and any health care appliance they use (e.g., a cane or walker).  All legal property transferring with the inmate is boxed and transported in the same vehicle.  The inmate will then pick up the transferred materials at the receiving institution's Receiving and Release Office.  If the inmate will be away from the transferring institution for more than twenty-four hours, his remaining property will be removed from his cell, inventoried, and stored at the transferring institution's Receiving and Release Office.  While all property is searched for contraband during this process, inmates' legal documents are not read.

6.   If an inmate's transfer to another institution lasts longer than seventy-two hours, the inmate will lose his existing job assignment, but the transfer will not adversely affect him because he will still accrue daily sentencing credits as if he was working.  Upon arrival back to the transferring institution, the

4

inmate will be placed on a priority list for a new job assignment.

7. If an inmate's transfer lasts longer than ten days, he will lose his assigned cell. Upon return, he will be reassigned to a new cell with a compatible cellmate, within his designated custody level.

8. The inmate's transfer will not adversely affect his custody level, programming eligibility, or other privileges. All such benefits are restored to the inmate upon his return to the transferring institution.

9. Under CDCR policy, all inmates, regardless of their custody classification, who are temporarily transferred to another institution will be housed in administrative segregation during their stay at the receiving institution. This is because the receiving institution may not be aware of the inmate's custody level and/or programming needs upon arrival. Thus, inmates are housed in administrative segregation for their own safety as well as the safety of the other inmates and staff at the receiving institution.

10. If an inmate is scheduled to have a family member visit during the time that he will be away from the transferring institution, the institution's Family Visit Coordinator will contact the affected family member and reschedule the visit at a mutually-convenient time following the inmate's return.

11. With respect to Plaintiff's allegations, I estimate that a transfer to another prison to attend a settlement conference and/or a trial will affect him in the following ways. Plaintiff is correct that he will be housed in administrative segregation at the receiving institution. However, this is not due to his classification as a Sensitive Needs Inmate; all inmates regardless of their custody classification temporarily transferred to another institution are housed in administrative segregation. Plaintiff is also correct that a prolonged stay at another institution would cause him to lose his job and housing assignments. However, as mentioned above, the loss of his job assignment would not adversely affect his ability to accrue sentencing credits and he would be placed on a priority list for reassignment.

5

> 12. Plaintiff is incorrect that such a transfer would cause him to lose the privileges to which he is entitled or the ability to participate in the various programs in which he is involved. As mentioned above, all such benefits are restored to the inmate upon his return to the transferring institution. Plaintiff is also incorrect that a transfer would adversely affect his eligibility for a security-level reduction. If a hearing for such an event is scheduled during the time that Plaintiff would be away from the transferring institution, the hearing would simply be rescheduled to a time after his return.
>
> 13. Plaintiff is also incorrect that he would be unable to access his legal materials for this case, or any other, while he is away from the institution. All legal materials related to the case for which Plaintiff is attending court, and other legal materials needed to respond to an imminent deadline in another case, will transfer with Plaintiff.
>
> 14. With respect to Plaintiff's visit with his mother, given that Plaintiff's declaration was filed in late June, it has presumably already taken place, rendering this issue moot. However, if it has not, and if it is scheduled during a time when Plaintiff will be away from Salinas Valley, the Family Visiting Coordinator will ensure that the visit will be timely rescheduled.

Docket no. 55.

Based on the above, Defendant argues that Plaintiff's temporary transfer to CSP-Solano to attend a settlement conference will not amount to a major disruption of his prison life because it will not adversely affect the duration of his sentence or the conditions of confinement. Thus, Defendant urges the Court to deny Plaintiff's motion to vacate the order of referral to the PSPSP.

In his reply to Defendant's response, Plaintiff submits that the procedures and conditions described in Gomez's declaration do

1 cause undue hardship.  He further maintains that the procedures
2 outlined by Gomez were not followed in his case, and that he did
3 not refuse to be transferred for the settlement conference.
4 Nevertheless, Plaintiff informs the Court that he is willing to
5 participate in a court-ordered settlement conference "under the
6 type of conditions outlined by the Declarant for the Defendant."
7 Docket no. 56 at 1.  He also informs the Court that he has been
8 notified that he soon will be moved to a lower level security
9 institution at Mule Creek State Prison in Ione, California.

    Based on the above, Plaintiff's motion to vacate the ordering referring this case to the PSPSP is DENIED.

    Magistrate Judge Vadas shall SCHEDULE a settlement conference.  The conference shall take place within one-hundred-twenty (120) days of the date of this Order, or as soon thereafter as is convenient to the magistrate judge's calendar.  Magistrate Judge Vadas shall coordinate a time and date for the conference with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the conference, file with the Court a report regarding the conference.

    The Clerk shall provide a copy of this Order to Magistrate Judge Vadas.

    IT IS SO ORDERED.

Dated: 12/2/2012

cc: NJV

CLAUDIA WILKEN  
UNITED STATES DISTRICT JUDGE